**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Eugene Ramsell, et al., | No. CV-22-08119-PCT-DWL |
| Petitioners, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, et al., | |
| Respondents. | |

On July 11, 2022, the Court ordered *pro se* Petitioners Craig Eugene Ramsell and Monnie Ramsell ("the Ramsells")[1] to file, by August 11, 2022 an amended complaint properly alleging subject-matter jurisdiction.  (Doc. 6.)

On August 4, 2022, the Ramsells filed a motion for reconsideration.  (Doc. 12.)  The Ramsells appear to assert that the Court may entertain an action in equity without subject-matter jurisdiction, or perhaps that an action in equity necessarily bestows subject-matter jurisdiction upon the Court.

Subject-matter jurisdiction and equitable jurisdiction are distinct concepts. *Schlesinger v. Councilman*, 420 U.S. 738, 753-54 (1975) ("Our holding that the District Court had subject-matter jurisdiction, assuming the requisite jurisdictional amount, does not carry with it the further conclusion that the District Court properly could reach the merits of Councilman's claim or enjoin the petitioners from proceeding with the impending court-martial.  There remains the question of equitable jurisdiction, a question concerned,

---

[1]   The Ramsells assert they should be termed "Petitioners" rather than "Plaintiffs." (Doc. 12 ¶ 6.)

not with whether the claim falls within the limited jurisdiction conferred on the federal courts, but with whether consistently with the principles governing equitable relief the court may exercise its remedial powers."). In other words, "equitable jurisdiction . . . is not a form of federal subject matter jurisdiction."[2] *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 873 (N.D. Cal. 2021). "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). *See also LPP Mortg. Ltd. v. Vasicek*, 227 F. Supp. 2d 1108, 1111 (D.N.D. 2002) ("Plaintiff finally argues that if this Court finds that subject matter jurisdiction is lacking, it should assume 'equitable jurisdiction.' While the principles of equity are applicable in some areas of the law, they are never applicable to subject matter jurisdiction. . . . To seek 'equitable jurisdiction' is essentially a request that subject matter jurisdiction be waived in this case. The Court can no more waive the requirement of jurisdiction than it can waive provisions of the Constitution. The request to assume 'equitable jurisdiction' is soundly denied.") (citations omitted).

Accordingly,

**IT IS ORDERED** that the Ramsells' motion for reconsideration (Doc. 12) is denied.

**IT IS FURTHER ORDERED** *sua sponte* extending the deadline for the Ramsells to file an amended petition properly asserting grounds for subject matter jurisdiction to **August 18, 2022**. The response deadline extends accordingly.

Dated this 8th day of August, 2022.

_____
Dominic W. Lanza
United States District Judge

---

[2]    "[I]t has long been established that a federal court has the authority to decline to exercise its jurisdiction when it is asked to employ its historic powers as a court of equity." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717 (1996).