**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Eugene Ramsell, et al., | No. CV-22-08119-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, et al., | |
| Defendants. | |

On July 7, 2022, *pro se* Petitioners Craig Eugene Ramsell and Monnie Ramsell ("the Ramsells") initiated this action in federal court by filing the Petition. (Doc. 1.) The Petition sought "declaratory judgment" and "equitable relief" regarding the "sale and/or possession" of certain real property in Sedona. (*Id.*) The Petition named as Respondents (1) "Wells Fargo Bank, N.A. as Trustee for Banc of America Mortgage Securities Inc. Mortgage Pass-Through Certificates, Series 2003-K," (2) "Banc of America Mortgage Securities Inc. Mortgage Pass-Through Certificates, Series 2003-K," and (3) "The Real Property Known As 50 Bronco Drive, Sedona, Arizona." (*Id.*) The Ramsells additionally named the State of Arizona ("the State") as a "Necessary Party," specifying, however, that the State was "NOT being named as a respondent." (*Id.* at 2.) The Ramsells alleged that they were domiciled in Arizona. (*Id.*) The Petition did not allege facts establishing diversity jurisdiction or raise a federal question. Instead, it asserted "the Chancery Court has *exclusive* equity jurisdiction." (*Id.* at 3.)

On July 11, 2022, pursuant to the Court's "independent obligation to determine

whether it has subject-matter jurisdiction," the Court ordered the Ramsells to file an amended petition properly alleging subject-matter jurisdiction. (Doc. 6.)

On August 4, 2022, the Ramsells filed a motion for reconsideration of the Court's July 11, 2022 order. (Doc. 12.) The Ramsells seemed to assert that the Court may entertain an action in equity without subject-matter jurisdiction, or perhaps that an action in equity necessarily bestows subject-matter jurisdiction upon the Court. (*Id.*)

On August 9, 2022, the Court denied the motion for reconsideration, explaining that subject-matter jurisdiction is a requirement for the Court to entertain any case, that subject-matter jurisdiction and equitable jurisdiction are distinct concepts, and that the latter does not supply or supplant the former. (Doc. 13.)

On August 16, 2022, the Ramsells filed the Amended Petition. (Doc. 15.) The Amended Petition drops the State as a "necessary party" and includes new parties—the "United States Senate *as Ex Relatione*" and the United States, which is "NOT being named as a respondent but only as a necessary party." (*Id.* at 2.) The Amended Petition asserts the existence of federal question jurisdiction:

> Federal Question for the purpose of subject matter jurisdiction is: Does the United States as a legal title holder to all property, pursuant to Senate Resolution 62, dated April 17, 1933, of the 73rd Congress, 1st Session, Senate Document 43, which declares on page 9 paragraph two that "The ultimate ownership of all property is in the State; individual so-called 'ownership' is only by virtue of Government, i.e. law[] amounting to mere user; and use must be in accordance with law, and subordinate to the necessities of the State[,]" which presumes the Government Landlord-Tenant agreement is in place and as a result does the Government have a duty as a Landlord to protect the Petitioners' beneficial equity interest from loss, by compelling this Chancery Court to issue a Declaratory Judgment, that any party which also claims any beneficial equity interest in the same property, must first satisfy, i.e. fully payoff, the Petitioners' beneficial equity interest, which has been authenticated and exemplified as a Proof of Claim against the property of the Government on the record of the Bankruptcy Court, before the Respondents can foreclose on their interest in said property?

(*Id.* at 3.)

While this language is by no means a picture of clarity, the Ramsells appear to assert that all property claims are federal claims. This is not so. *See, e.g.*, *Lambert v. Cent. Bank of Oakland*, 85 F.2d 954, 958 (9th Cir. 1936) (finding there was "no substantial federal

question involved" where appellant filed "bill in equity" in district court seeking "to enjoin the execution of a judgment of a state court declaring that she is unlawfully in the possession of certain real estate"); *cf. Leisnoi, Inc. v. United States*, 170 F.3d 1188 (9th Cir. 1999) (district court lacked subject-matter jurisdiction in dispute involving real property).

No federal question is raised by the Amended Petition.[1]  The Court concludes that it lacks subject-matter jurisdiction.

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).  Here, despite the Ramsells' best efforts, it is clear that they cannot allege facts that would give rise to subject-matter jurisdiction.  Further amendment would be futile.  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment . . . constitutes an exercise in futility . . . .  The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Accordingly,

**IT IS ORDERED** that the Amended Petition is dismissed without leave to amend for lack of subject-matter jurisdiction.  The Clerk of Court shall terminate the action.

**IT IS FURTHER ORDERED** that the State's motion to dismiss (Doc. 14) is denied as moot.

Dated this 18th day of August, 2022.

_____
Dominic W. Lanza
United States District Judge

---

[1]  Neither the United States nor the United States Senate has any interest in this matter.